UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Criminal No.
13-10017-RWZ

UNITED STATES OF AMERICA

VS.

JONATHAN DASILVA

## DEFENDANT'S SENTENCING MEMORANDUM

Jonathan DaSilva is a 32 year old young man who is before this Court for sentencing. He pled guilty to his involvement with a conspiracy and sale of drugs with a group of people who were his friends and cousins.

Mr. DaSilva has accepted full responsibility for his involvement in this conspiracy. It is important, however, to understand that Mr. DaSilva was pretty much a "weed man." He sold marijuana. He also was involved with connecting or referring potential purchases to other co-conspirators and was even picked up on a wire telling one person, "I don't deal in the white stuff."

A review of the controlled drug purchases (reference p.9 of the PreSentence Interview) indicates with apparent a clarity that Mr. DaSilva sold marijuana. Nevertheless he has accepted responsibility for his involvement in a conspiracy involving crack, powder, pills as well as marijuana. A review of Mr. DaSilva's background as presented in the PreSentence Report shows a young man who grew up in a close family. He is loved and described by his father as a warm and respectful child. He obtained his GED yet has never had the benefits of extended education or employment.

One of the things that impacted Jonathan while incarcerated was the loss of his grandmother. They were extremely close. Jonathan was devastated and reality sunk in. Jonathan desperately wanted to avoid the loss of more family members due to his incarceration and has truly expressed remorse and has "turned the corner." When this Court allowed him to attend a viewing of his grandmother in repose only in the custody of his aunt with a directive to return at 3:30 p.m. he was truly amazed.

A review of the evidence presented does show that Mr. DaSilva was a person within the group who was a "weed man." (reference controlled buy calculations PSR p. 10-11). The controlled buys show Mr. DaSilva being responsible for the following;

| Date | Amount |
|---|---|
| 8/2/11 | 27.5 grams marijuana |
| 8/3/11 | 55 grams marijuana |
| 8/10/11 | 55.2 grams marijuana |
| 12/7/11 | 26.2 grams marijuana |
| 1/19/12 | 26 grams marijuana |
| 1/28/12 | 26.2 grams marijuana |
| 10/5/12 | 1.4 grams oxy actual |
| 10/10/12 | 2.9 grams oxy actual |

In addition, when asked to sell cocaine, Mr. DaSilva on the <u>wiretap</u> was heard to say that he does not deal in the "white stuff." Nevertheless, recognizing the concept of conspiracy Mr. DaSilva has accepted responsibility for his involvement in the overall conspiracy.

Jonathan is a young man who has never served any serious jail time. His record does not show that he is an incorrigible individual but rather a young man who is aware that he must be punished and the question for this Court is to what degree.

## Sentencing Consideration

According to 18 U.S.S.C. §3553(a) a judge who is engaged in sentencing shall impose a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing. The courts are directed to consider the sentencing guidelines as advisory. The court is then directed to consider the following factors;

1.) The nature and circumstances of the offense and the history and characteristics of the defendant;

2.) The need for sentencing imposed;

    A. To reflect the seriousness of the offense, to promote respect or the law and to provide just punishment for the offense;

    B. To afford adequate deterrence to criminal conduct;

    C. To protect the public from further crimes of the defendant;

    D. To provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

In sentencing, the Court should consider every convicted person as an individual and in every case as a unique study in human failing that sometimes mitigate the crime perpetrated and just punishment required. Gall vs. United States, 552 U.S. 38 (2007) citing Koon vs. United States, 518 U.S. 81 (1996).

## Sentencing Paradigm

The guidelines are now but one of seven statutory factors to be weighed by a court when formulating a sentence. United States vs. Booker, 125 S.Ct. 738 (2005). Booker held that a court should still consult the guidelines making all appropriate findings.

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280/(508) 580-6186

Next, the court must consider whether a sentence within that range…serves the factors set forth in §3553 and if not, select a sentence that is within statutory limits that does serve those factors. Even if the court does not feel that a "departure range" sentence is applicable the court may provide for a "variance sentence' or a "non guidelines sentence." The court should insure that the sentence so imposed is within the statutory range and is "reasonable." Gall vs. United States vs. 552 U.S. 38, United States vs. Hughes, 401 F3 540 (4th Cir. 2005). See also Rita vs. United States, 551 U.S. 338 (2007).

## Conclusion

The defendant, Jonathan DaSilva, requests this Court sentence him to the low end of the Rule 11(C) plea agreement to a term of ten years. This is a serious sentence that will punish the defendant yet it is not overly excessive or punitive and is such that will allow him to realize that this Court extended an opportunity for him to return to his family and a life as a productive citizen.

Jonathan DaSilva,

By his attorney

/s/ Kevin J. Reddington

**CERTIFICATE OF SERVICE**

I, Kevin J. Reddington, Esq., Attorney for the Defendant, Jonathan DaSilva, hereby certify that the following documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 26, 2015.

DEFENDANT'S SENTENCING MEMORANDUM

/s/Kevin J. Reddington, Esq.